1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO/OAKLAND DIVISION

11

12  RENEE FASSBENDER AMOCHAEV,              CASE NO. C- 05-1298 PJH
    DEBORAH ORLANDO, KATHRYN N.
13  VARNER and JUDY WEIL, on behalf of
    themselves and all others similarly situated,
14                                          **STIPULATION AND [PROPOSED]**
                                            **PROTECTIVE ORDER**
15              Plaintiffs,

16  v.

17  CITIGROUP GLOBAL MARKETS, INC.,
    d/b/a SMITH BARNEY,
18

19              Defendant.

20

21          To facilitate discovery in this lawsuit, and to protect the Parties' interest in the

22  confidentiality of proprietary or other business sensitive matters contained in certain documents,

23  and to eliminate the need for repeated requests that the Court become directly involved in the

24  discovery process, the parties, pursuant to Rule 26 of the Federal Rules of Civil Procedure,

25  hereby stipulate and agree that documents and information produced in this action by Plaintiffs

26  Renee Fassbender Amochaev, Deborah Orlando, Kathryn N. Varner and Judy Weil, and by

27  Defendant Citigroup Global Markets Inc., d/b/a Smith Barney, shall be subject to the following

28  terms and conditions of this Stipulation and Protective Order ("Order").  The Parties acknowledge

that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as "confidential."

1. Documents or information produced or provided by the parties during the course of discovery in the above-referenced matter may be designated as "Confidential Information" or "Restricted" so long as the party who seeks confidentiality has a good faith belief that such document or information is entitled to confidentiality under the terms of this Order.

2. For purposes of this Order, "Confidential Information" means information or tangible things that qualify for protection under standards developed under Fed.R.Civ.P. 26(c), including pursuant to Fed. R. Civ. P. 26(c)(7), a trade secret or other confidential research, development or commercial information. The identification of an individual document or category of documents or information as Confidential Information can be challenged pursuant to paragraph 12 of this Order.

3. For purposes of this Order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

4. For purposes of this Order, "Producing Party" means a party that produces Confidential Information or other information in connection with this litigation.

5. For purposes of this Order, "Recipient" means a named party in this litigation (or counsel thereto and their agents) who receives Confidential Information or other information in connection with the litigation.

6. Subpoenaed third parties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this protective order and thereby become Producing Parties for purposes of this Protective Order.

7. The designation by any Producing Party of Documents as Confidential Information shall constitute a representation that such Documents have been reviewed by an attorney for the Producing Party and that there is a valid basis for such designation. Mass,

1  indiscriminate, or routinized designations are prohibited.  Designations that are shown to be

2  clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily

3  encumber or retard the case development process, or to impose unnecessary expenses and

4  burdens on other parties), may expose the Producing Party to sanctions.  If it comes to a Party's or

5  a non-party's attention that information or items that it designated for protection do not qualify for

6  protection at all, or do not qualify for the level of protection initially asserted, that Party or non-

7  party must timely notify all other parties that it is withdrawing the mistaken designation.

8          8.      A.      The Producing Party may designate as Confidential Information

9  any information it believes in good faith to be confidential, consistent with this Order.

10              B..     The Producing Party also may designate Confidential Information

11  as being "Restricted" where it believes in good faith that the disclosure of that information should

12  be limited as set forth in paragraph 10 of this Order.  The designation of such Information shall be

13  made in the same manner as set forth in paragraph 8C, but shall use the words "Confidential -

14  Restricted".  The designation of information as "Restricted" shall be deemed to include a separate

15  designation of the information as Confidential Information.

16              C.      To designate Confidential Information on a Document, the

17  Producing Party shall place a legend or stamp upon the Document indicating such in a way that

18  brings the designation to the attention of a reasonable examiner, or otherwise puts the Recipient

19  on reasonable notice that it contains Confidential Information.

20              D.      To designate Confidential Information in testimony (or in exhibits

21  referred to therein), the Producing Party shall (a) make an oral statement to that effect on the

22  record, or (b) notify the Recipient in writing at any time up until twenty (20) days after receipt of

23  the transcript.  Transcript pages containing Confidential Information must be separately bound by

24  the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

25  "CONFIDENTIAL - RESTRICTED," as instructed by the Party or non-party offering or

26  sponsoring the witness or presenting the testimony.

27

28

9.      The Recipient of Confidential Information shall use that information solely in connection with the litigation, and shall not disclose Confidential Information to any person except:

(a)     named plaintiffs, in accordance with the procedures set forth in paragraph 11 of this Order;

(b)     the Court and its officers (including court reporters);

(c)     counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

(d)     Smith Barney's or affiliates' in-house counsel;

(e)     experts or litigation consultants (e.g., professional vendors providing outside services for photocopying, videotaping, exhibit development, data retrieval, etc.) engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information except as permitted herein;

(f)     fact witnesses providing testimony by deposition or at any court proceeding in this case, but only in accordance with the procedures set forth in paragraph 11 of this Order.

10.     The foregoing notwithstanding, information designated as "Restricted" shall not be disclosed to any person except to:

(a)     a named plaintiff in accordance with the procedures set forth in paragraph 11 of this Order, but only to the extent that the information specifically relates to that plaintiff, employment decisions directly addressing that plaintiff or comparators of the plaintiff with respect to such employment decisions;

(b)     the Court and its officers (including court reporters);

(c)     counsel of record in this action and employees of counsel in this action who have been actively engaged in the conduct of this litigation;

(d)     Smith Barney's or affiliates' in-house counsel;

(e)     experts or litigation consultants (e.g., professional vendors providing outside services for photocopying, videotaping,

exhibit development, data retrieval, etc.) engaged by counsel to assist in this litigation, provided that these expert witnesses or litigation consultants expressly agree to be bound by the terms of this Order and not to disclose Confidential Information or "Confidential - Restricted" Information except as permitted herein;

(f)     fact witnesses providing testimony by deposition or at any court proceeding in this case, but only in accordance with the procedures set forth in paragraph 11 of this Order, and only to the extent that the information directly addresses that individual, or a comparator of that individual (for the purpose of preparing their testimony for the case), or relates to a management decision made by or affecting that individual.

11.     The Recipient of Confidential Information shall disclose such information to persons set forth in paragraphs 9(a), 9(f), 10(a) or 10(f) of this Order only under the conditions set forth below:

(a)     Prior to disclosure of Confidential Information to persons described in paragraphs 9(a), 9(f), 10(a) or 10(f) the Recipient shall advise that person that, pursuant to this Order, he or she may not divulge such information to any other individual.

(b)     Any person who receives Confidential Information pursuant to paragraph 9(a), 9(f), 10(a) or 10(f) shall execute an Agreement in the form annexed hereto as Exhibit A. Each original, executed Agreement shall be maintained in the files of the Recipient and shall be available for review by counsel for a Party upon reasonable notice and demonstration of good cause for such review.

12.     A.      In the event the Recipient disputes the Producing Party's designation of individual documents or a category of documents or information as "Confidential Information" or "Confidential - Restricted", the Recipient shall notify the Producing Party in writing of such dispute.  A party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.  In an effort to settle such dispute without judicial intervention, the parties shall meet and confer to determine whether the restrictions imposed by this Order are warranted with respect to such

1    disputed information.  If resolution of the dispute cannot be reached, the Recipient may apply to

2    the Court for an appropriate determination.  In connection with such an application, the Producing

3    Party shall bear the burden to show that the information is entitled to continued protection under

4    the Federal Rules of Civil Procedure and applicable case law.  During the pendency of such

5    dispute or application, and until the court may rule otherwise, the information designated

6    "Confidential Information" or "Confidential - Restricted" shall remain subject to the designations

7    and restrictions of this Order.

8             B.        Paragraph 12A notwithstanding, and based on the agreement of the

9    parties, Confidential Information identified under paragraph 2 of this Order is confidential, in so

10   far as there is no challenge to the designation of such information as "Confidential Information,"

11   and the disclosure of such information will be subject at least to Paragraph 9 of this Order.  This

12   does not preclude the Recipient from challenging in good faith any designation of information as

13   "Restricted" for purposes of challenging the application of the disclosure limitations under

14   paragraph 10.

15            13.       Inadvertent failure to designate Confidential Information shall not be

16   construed as a waiver, in whole or in part, and may be corrected by the Producing Party by

17   written notification to the Recipient promptly upon discovery of the failure to designate.

18            14.       All information obtained by a Recipient in discovery in this litigation,

19   regardless of whether it is Confidential Information, shall be used by the Recipient solely for the

20   prosecution or defense of the claims in this litigation, and shall not be used by the Recipient in

21   any other legal action, or for any business, commercial, competitive, personal, publicity, media or

22   other purpose, except that nothing herein shall preclude Smith Barney from pursuing legal or

23   other business action in discovered instances of misconduct as to its own employees or ensuring

24   that its employees are acting in accordance with the law. No Recipient or other person to whom

25   Confidential Information is disclosed shall copy, transcribe, or otherwise reproduce in written or

26   any other form any part or portion of any Confidential Information except as necessary for

27   purposes of the litigation.

28

467055.4                                    - 6 -                    STIPULATION AND PROTECTIVE ORDER

15.     Entering into, agreeing to and/or producing or receiving Confidential Information or otherwise complying with the terms of this Order shall not:

    (a)    operate as an admission by any party that any particular document contains or reflects any type of Confidential Information;

    (b)    prejudice in any way the rights of the parties to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information;

    (c)    prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order;

    (d)    prejudice in any way the rights of a party to seek a determination by the Court whether any documents or Confidential Information should be subject to the terms of this Order;

    (e)    prejudice in any way the rights of a party to petition the Court for a further protective order relating to any purportedly Confidential Information; or

    (f)    prevent the parties to this Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular documents.

16.     This Order has no effect upon, and shall not apply to, the parties' use of their own Confidential Information for any purpose.  Nothing herein shall (i) prevent a party from disclosing Confidential Information or other information to officers, managers or employees of the Producing Party; or (ii) impose any restrictions on the use or disclosure by a party of documents, materials or information designated as Confidential Information obtained lawfully by such party independently of the discovery proceedings in this Litigation.

17.     If a party in possession of Confidential Information receives a subpoena or other compulsory process from a non-party to this Order seeking production or other disclosure of such Confidential Information, that party shall give written and telephone notice to counsel for the Producing Party within three (3) business days after receipt of the subpoena or other

compulsory process identifying the Confidential Information sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the party to which the subpoena or other compulsory process was issued or served shall not produce the Confidential Information called for prior to receiving a court order or the consent of the Producing Party.   In the event that such documents containing Confidential Information are produced to the non-party, such material shall still be treated in accordance with the designation as Confidential by the parties to this Order.

18.     In the event additional parties join or are joined in this Litigation, they shall not have access to Confidential Information until the newly-joined party by its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order.

19.     The parties agree to be bound by the terms of this Order pending the entry of this Order, or an alternative thereto which is satisfactory to all parties, by the Court, and any violation of its terms shall be subject to the same sanctions and penalties, as if this Order had been entered by the Court.

20.     Within sixty (60) days after the conclusion of this litigation, by adjudication (including appeals) or otherwise, the Recipient shall return to the Producing Party all Confidential Information, all copies of such information, and any Documents incorporating such information.  Alternatively, at the request of the Producing Party, the Recipient shall destroy all such materials and certify in writing that all such materials have been destroyed.  Notwithstanding this provision, Counsel for the Recipient are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information.  Any such archival copies that contain or constitute Confidential Information remain subject to this Protective Order as set forth in Paragraphs 9-10, above.

21.     Confidential Information shall not be filed in the public record of this litigation.  Any Confidential Information that is filed with the Court, and any pleadings, motions, or other papers filed with the Court containing such information, shall be filed or attempted to be

1    filed in a sealed envelope accompanied by a request that the Court file and maintain the

2    information under seal pursuant to Civil L. R. 79-5.  Where possible, only the portions of filings

3    containing Confidential Information shall be filed with the Court under seal.  If any Confidential

4    Information is filed with the Court under seal, then the party submitting the Confidential

5    Information shall file a public copy of the pleading containing the Confidential Information in

6    redacted form.

7              22.    The restrictions set forth in this Order shall not apply to:

8              (a)    information that was, is or becomes public knowledge
9                     through its authorized release by a person or entity who
                      rightfully obtained and possesses such information during
10                    the normal course of business, and not in violation of this
                      Order;

11
              (b)    Smith Barney with respect to its own information or
12                   information received or created during the normal course of
                     its own business.
13

14             23.    Nothing in this Order shall be deemed to be a limit or waiver of the

15    attorney client privilege, the work product privilege, or any other relevant privilege. Further,

16    inadvertent production of privileged information shall not waive the privilege.  If privileged

17    information is inadvertently produced, the Recipient agrees that, upon request from the Producing

18    Party, it shall promptly return all copies of Documents containing the privileged information,

19    delete any versions of the Documents containing the privileged information on any database or

20    computer filing system it maintains, and make no use of the privileged information.

21             24.    Nothing in this Order shall prohibit any party from objecting to the

22    production or disclosure of Confidential Information solely on the grounds that such information

23    is confidential or sensitive, or on any other grounds.  Furthermore, nothing in this Order shall

24    preclude the parties from objecting to the admissibility or use of Confidential Information.

25             25.    Nothing contained herein shall prevent any party from using Confidential

26    Information for a trial in this matter, provided that the Producing Party has reasonable notice at

27    the time trial exhibits are designated.  Confidential Information can be introduced at trial,

28    provided that all CONFIDENTIAL stamps are removed before use.  The removal of the

1   CONFIDENTIAL stamp, however, shall not affect the status of the Confidential Information

2   unless it is admitted into evidence by the Court, in which case, unless the Court orders otherwise,

3   the evidence will become public knowledge.

4          26.     In the event plaintiffs or their counsel obtain information regarding Smith

5   Barney from a third party that Smith Barney believes is confidential, Smith Barney must meet

6   and confer with Plaintiffs' counsel to attempt to reach agreement as to its designation under this

7   Protective Order.  If the parties cannot reach agreement, Smith Barney may petition the Court for

8   further protective order for such material consistent with the Federal Rules of Civil Procedure.

9          27.     If a Recipient discloses Confidential Information in a manner not

10  authorized herein, the Recipient must immediately and in writing notify the Producing Party of all

11  pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of

12  the Producing Party, make every effort to prevent further disclosure by the Recipient or by the

13  person to whom the Recipient disclosed such information.

14         28.     The Court shall retain jurisdiction, both before and after the entry of final

15  judgment in this case, whether by settlement or adjudication, to construe, enforce, and amend the

16  provisions of this Order.

17

18  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

19  Respectfully submitted,

20  James M. Finberg (State Bar No. 114850)          Elizabeth A. Alexander
    Kelly M. Dermody (State Bar No. 171716)          LIEFF, CABRASER, HEIMANN &
21  Bill Lann Lee (State Bar No. 108452)             BERNSTEIN, LLP
    LIEFF, CABRASER, HEIMANN &                       3319 West End Avenue, Suite #600
22  BERNSTEIN, LLP                                   Nashville, TN  37203-1074
    Embarcadero Center West                          Telephone:  (615) 313-9000
23  275 Battery Street, 30th Floor                   Facsimile:  (615) 313-9965
    San Francisco, CA  94111-3339
24  Telephone:  (415) 956-1000
    Facsimile:  (415) 956-1008
25

26

27

28

467055.4                          - 10 -                  STIPULATION AND PROTECTIVE ORDER

Cyrus Mehri
Lisa M. Bornstein
Sandi Farrell
Anna M. Pohl
MEHRI & SKALET, PLLC
1300 19th Street, N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 822-5100
Facsimile: (202) 822-4997

Adam T. Klein
Piper Hoffman
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

Dated:  September 9, 2005


By:   _/s/ Kelly M. Dermody_
          Kelly M. Dermody

*Attorneys for Plaintiffs*

Jay Cohen (*pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019- 6064
Telephone: (212) 373-3000
Facsimile: (212) 757- 3990

Malcolm A. Heinicke
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, California 94105
Telephone: 415 512-4000
Facsimile: 415 512-4077


Dated:  September 9, 2005


By:   ___s/s *Jay Cohen* _____ _
          Jay Cohen

*Attorneys for Defendant*

IT IS SO ORDERED.

Hon. Phyllis J. Hamilton

Dated: ___September 12___, 2005

467055.4

- 11 -

STIPULATION AND PROTECTIVE ORDER

1
2
3

EXHIBIT A
AGREEMENT CONCERNING INFORMATION COVERED BY A
PROTECTIVE ORDER ENTERED IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

4

The undersigned hereby acknowledges that he/she has read the Confidentiality

5

Protective Order ("Order") in *Amochaev, et al.* v. *Citigroup Global Markets Inc.*, Civil Action

6

No. C-05-1298 (PJH) (N.D. Cal.) and understands its terms, agrees to be bound by each of those

7

terms, and agrees to subject himself/herself personally to the jurisdiction of the United States

8

District Court for the Northern District of California for the purpose of enforcing its terms.

9

Specifically, and without limitation upon such terms, the undersigned agrees not to use or

10

disclose any Confidential Information made available to him/her other than in accordance with

11

the Order.

12

Dated:_____, 2005

13

14

By:

15

_____
(Type or print name of individual)

16
17
18
19
20
21
22
23
24
25
26
27
28